IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| BRIAN T. COLLUM, | ) | 8:11CV12 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| PAYPAL. INC, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court on Defendant's Motion to Dismiss. (Filing No. 10.) As set forth below, the Motion is granted.

## I. BACKGROUND AND SUMMARY OF COMPLAINT

Plaintiff filed his Complaint in this matter against his previous employer, Paypal, Inc. ("Paypal"). (Filing No. 1.) Condensed and summarized, Plaintiff alleges that Paypal terminated him on December 28, 2010. (*Id.* at CME/CF p. 2.) Plaintiff alleges that he is an "american [sic] with a disability" and that his insurance was "cut on December 31, 2010." (*Id.*) Plaintiff alleges that he is disabled because he suffers from depression, and can no longer afford his medical and psychological care because of his termination. (*Id.*) Plaintiff seeks a "settlement . . . in the amount of 2.5 million dollars." (*Id.* at CM/ECF p. 4.)

Paypal filed a Motion to Dismiss, arguing, among other things, that Plaintiff's Complaint must be dismissed because Plaintiff failed to exhaust his administrative remedies before filing this case. (Filing Nos. 10 and 11.) Plaintiff filed a "Motion to Continue," which the court liberally construes as a response to the Motion to Dismiss. (Filing No. 12.) This matter is therefore deemed fully submitted.

## II. MOTION TO DISMISS STANDARD

Where a pro se plaintiff does not set forth enough factual allegations to "nudge[ her] claims across the line from conceivable to plausible, their complaint must be dismissed" for failing to state a claim upon which relief can be granted. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007) (overruling *Conley v. Gibson,* 355 U.S. 41 (1967), and setting new standard for failure to state a claim upon which relief may be granted). Regardless of whether a plaintiff is represented or is appearing pro se, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009) (quotation omitted); *see also Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985). As set forth in *Ashcroft*:

> First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. . . . Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. . . . But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not "show[n]"-"that the pleader is entitled to relief." Fed. Rule Civ. Proc. 8(a)(2). In keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

*Id.* at 1949-50. However, a pro se plaintiff's allegations must be construed liberally. *Burke v. North Dakota Dep't of Corr. & Rehab.*, 294 F.3d 1043, 1043-44 (8th Cir. 2002) (citations omitted). In addition, a court may not consider facts outside of the

pleadings.

### III.　DEFENDANT'S MOTION TO DISMISS

Paypal argues, among other things, that Plaintiff's Complaint must be dismissed because he did not exhaust his administrative remedies prior to filing this matter. (Filing No. 11.) The court agrees. The allegations in the Complaint are sparse, but as best as the court can tell, Plaintiff alleges a claim under the Americans with Disabilities Act (the "ADA"). As set forth in the ADA:

> No covered entity shall discriminate against a qualified individual with a disability because of the disability of such individual in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment.

42 U.S.C. § 12112(a).

Prior to filing a suit in federal court under Title VII, a plaintiff is required to exhaust his administrative remedies by first seeking relief through the United States Equal Employment Opportunity Commission ("EEOC") or the Nebraska Equal Opportunity Commission ("NEOC"). The EEOC/NEOC will then investigate the charge and determine whether to file suit on behalf of the charging party or make a determination of no reasonable cause. If the EEOC/NEOC determines that there is no reasonable cause, the agency will then issue the charging party a right-to-sue notice. 42 U.S.C. § 2000e-5(f)(1); 42 U.S.C. § 12117(a); *see also Williams v. Thomson Corp.*, 383 F.3d 789, 790 (8th Cir. 2004) (noting that the procedures set forth in 42 U.S.C. § 2000e-5 apply to ADA claims); *Hanenburg v. Principal Mut. Life Ins. Co.*, 118 F.3d 570 (8th Cir. 1997). The charging party has 90 days from the receipt of the right-to-sue notice to file a civil complaint based on his charge. 42 U.S.C. § 2000e-5(f)(1). The civil complaint may only encompass issues that are

reasonably related to the substance of charges timely brought before the EEOC/NEOC. *Williams v. Little Rock Mun. Water Works*, 21 F.3d 218, 222 (8th Cir. 1994).

Here, Plaintiff has not alleged that he exhausted his administrative remedies prior to filing suit. The Complaint does not indicate that Plaintiff ever presented his claims to the EEOC or NEOC, and does not allege that he received the requisite right to sue letter. (Filing No. 1.) Importantly, the Complaint alleges that Paypal terminated Plaintiff on December 28, 2010. (*Id.* at CM/ECF p. 2.) Plaintiff filed this matter on January 19, 2011, approximately three weeks after his termination. The timing of these events indicates that Plaintiff has not presented his claims to the EEOC/NEOC. As such, the court need not provide Plaintiff with the chance to amend his Complaint. Plaintiff has not exhausted his administrative remedies and this court cannot address his claims until he has done so. As such, the court will dismiss the Complaint without prejudice to reassertion after exhaustion of Plaintiff's administrative remedies.

IT IS THEREFORE ORDERED that:

1. Defendant's Motion to Dismiss (filing no. 10) is granted. This matter is dismissed without prejudice to reassertion after Plaintiff exhausts his administrative remedies.

2. Plaintiff's Motion to Continue (filing no. 12), construed as a response to the Motion to Dismiss, is denied.

3. A separate judgment will be entered in accordance with this Memorandum and Order.

DATED this 27th day of May, 2011.

BY THE COURT:

*Richard G. Kopf*
United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.